IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT KING and
CARLA KING,

    Plaintiffs,

v.                               CASE NO.: 5:08cv308/RS/MD

CITY OF PANAMA CITY;
JOHN VAN ETTEN, as Chief of
Panama City Police Department;
DEDEE JOHNSON, individually;
CHRIS TAYLOR, individually;
MARK LARAMORE, individually;
JOSE RAPLEE, individually;
and JASON JETER, individually,

    Defendants.

___

## DEFENDANTS CHRIS TAYLOR, MARK LARAMORE, JASON JETER AND THE CITY OF PANAMA CITY'S MOTION IN LIMINE

Comes now the Defendants, Chris Taylor, Mark Laramore, Jason Jeter, and the City of Panama City, by and through their undersigned counsel, and file this Motion in Limine to exclude from evidence, jury selection, opening statements, or closing arguments, the particular subjects set forth below at the trial in this matter.

    1.    The Defendants move to exclude any reference to and evidence, including the admission of documents or the testimony by witnesses, of Internal

Affairs Report Number(s) 2006-09 and 2001-03, including its existence, proceedings, findings, including any reference to a violation of police regulations, and subsequent action resulting from it. The Defendants move to exclude this evidence on the following grounds:

    a. The evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissable under Rule 403 of the Florida Evidence Code. Fla. Stat. §90.403. Additionally, the evidence is likely to confuse and mislead the jury.

    b. The actions following the findings made in the Internal Affairs report constitute subsequent remedial measures and are, therefore, inadmissable under Rule 407 of the Florida Evidence Code. Fla. Stat. §90.407.

    c. The report contains hearsay, and hearsay within hearsay, barred by Rule 802 of the Florida Evidence Code. Fla. Stat. §90.802.

2. The Defendants move to exclude any reference to and evidence, including the admission of documents or the testimony by witnesses, regarding past Internal Affairs complaints and findings of Internal Affairs complaints as to any officer of the Panama City Police Department, specifically including Officer Mark Laramore, Officer Chris Taylor and Officer Jason Jeter, on the basis that

such evidence constitutes an impermissible attack on Officer Mark Laramore, Officer Chris Taylor and Officer Jason Jeter's character and that of other officers, which is precluded by Rule 404(2) of the Florida Evidence Code. Fla. Stat. §90.404(2).

3.   The Defendants move to exclude any reference to and evidence, including the admission of documents or the testimony by witnesses, regarding Officer Mark Laramore, Officer Chris Taylor and Officer Jason Jeter's personnel files, with the exception of Officer Mark Laramore, Officer Chris Taylor and Officer Jason Jeter current status and their oaths of office, on the basis that such evidence is irrelevant to the claims presented and constitutes an impermissible attack on Officer Mark Laramore, Officer Chris Taylor and Officer Jason Jeter's character, which is inadmissible under Rules 403 and 404(2) of the Florida Evidence Code. Fla. Stat. §§90.403, 90.404(2).

4.   The Defendants move to exclude any reference to and evidence concerning the character of any members or former members of the Panama City Police Department, including but not limited to Chris Taylor, Mark Laramore, and Jason Jeter, on the basis that such evidence is irrelevant to the claims presented and constitutes an impermissible attack on the officers' character, which in inadmissible under Rules 403 and 404 of the Federal Evidence Code.

5.   The Defendants move to exclude any reference to and evidence as to whether the Defendants have insurance coverage. Rule 411, Federal

Evidence Code.

6. The Defendants move to exclude any reference to and evidence, including the admission of documents or the testimony by witnesses, regarding the disposition of Robert King's criminal case, on the bases that the prejudicial effect of such outcome outweighs its probative value. See Rule 403 of the Florida Evidence Code. Fla. Stat. §90.403.

7. The Defendants move to exclude any reference to and evidence concerning Mark Laramore's usage of a taser prior to or subsequent to October 26, 2006 on the basis that said evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissable under Rule 403 of the Florida Evidence Code, Fla. Stat. §90.403; the evidence is likely to confuse and mislead the jury; that pursuant to Rule 404, Federal Evidence Code, character evidence is inadmissible. In addition, any use of force reports associated with Mark Laramore's use of force, i.e. use of a taser, on occasions prior to and/or subsequent to October 26, 2006 may contain hearsay, and hearsay within hearsay, barred by Rule 802 of the Florida Evidence Code. Fla. Stat. §90.802.

8. Other than Plaintiff, Robert King, the Defendants move to exclude any evidence concerning the sensation(s) experienced by any other witness(es) during the administration of a taser to them, e.g. Chief Van Etten, Officers Chris Taylor, Mark Laramore, Jason Jeter and/or Dedee Johnson, on the basis that

4

such evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissable under Rule 403 of the Florida Evidence Code. Fla. Stat. §90.403. Additionally, the evidence is likely to confuse and mislead the jury.

Wherefore, for the foregoing reasons, the Defendants, City of Panama City, Florida and Chris Taylor, individually, Mark Laramore, individually, and Jason Jeter, individually, respectfully request this Honorable Court grant this Motion in Limine and exclude from this trial in its entirety any reference to the particular matters set forth herein.

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1(B), counsel for the Defendants, Chris Taylor, individually, Mark Laramore, individually, and Jason Jeter, individually, has on behalf of his own clients and on behalf of counsel for the City of Panama City, Florida, contacted counsel for Plaintiffs', Patrick McCarthy, Esq., who stated that the Plaintiffs oppose this Motion in Limine.

Respectfully submitted this 25th day of July, 2009.

        WARNER & WINTRODE, P.A.

By: /s/ *Timothy M. Warner*
TIMOTHY M. WARNER
Florida Bar No. 0642363
P.O. Box 1820 (32402)
519 Grace Avenue
Panama City, FL 32401
Telephone No.: (850) 784-7772
Telecopier No.: (850) 784-7756
timwarner@warnerlaw.us
Attorney for Defendants,
Chris Taylor, individually, Mark Laramore, individually, and Jason Jeter, Individually

COPPINS, MONROE, ADKINS, DINCMAN, P.A.

By: /s/ *Gwendolyn P. Adkins*
GWENDOLYN P. ADKINS
Florida Bar No. 0949566
P.O. Drawer 14447
Tallahassee, FL 32317
Telephone No.: (850) 422-2420
Telecopier No.: (850) 422-2730
Gadkins@cmadslaw.com
Attorney for City of Panama City

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished electronically this 25th day of July, 2009, to:

Patrick K. McCarthy, Esq.
Matthews & Hawkins, P.A.
4475 Legendary Drive
Destin, FL 32541
Attorneys for Plaintiffs

Nader Baydoun, Esq.
Suite 2650, Financial Center
424 Church Street
Nashville, TN 37219
Attorney for Plaintiffs

Harry L. Harper, Esq.
P. O. Drawer 790
Panama City, FL 32402

/s/ Timothy M. Warner
Timothy M. Warner, Esq.
Fla. Bar No. 0642363