IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT KING and
CARLA KING,

       Plaintiffs,

v.                                   CASE NO.: 5:08cv308/RS/MD

CITY OF PANAMA CITY;
JOHN VAN ETTEN, as Chief of
Panama City Police Department;
DEDEE JOHNSON, individually;
CHRIS TAYLOR, individually;
MARK LARAMORE, individually;
JOSE RAPLEE, individually;
and JASON JETER, individually,

       Defendants.

---

## DEFENDANTS CHRIS TAYLOR, MARK LARAMORE, JASON JETER AND THE CITY OF PANAMA CITY'S MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE

Comes now the Defendants, Chris Taylor, Mark Laramore, Jason Jeter, and the City of Panama City ("the City"), by and through their undersigned counsel, and submit the following Memorandum of law in Support of their Motion in Limine.

### I.    INTRODUCTION

In this action, Plaintiffs allege that the Defendants, Chris Taylor, individually, Mark Laramore, individually, and Jason Jeter, individually, are liable

for (Count I) violation of 42 U.S.C. § 1983, (Count III) Battery, (Count IV) Assault, (Count V) False Imprisonment, (Count VI) Intentional Infliction of Emotional Distress, (Count VII) Malicious Prosecution, (Count IX) Loss of Consortium, concerning the arrest and use of force against Plaintiff, Robert King, on October 26, 2006.  In addition, Plaintiffs' allege that the City of Panama City, Florida, is liable for (Count VIII) vicarious liability for intentional torts committed by the aforementioned officers and (Count IX) Loss of Consortium.  It should be noted that the Plaintiffs have conceded that they are no longer asserting a claim against the City of Panama City, Florida, based upon Count II, i.e. violation of 42 U.S.C. § 1983.   The Defendants file this Motion in Limine to exclude certain evidence from trial in this matter.

## II.    ARGUMENT

The Defendants anticipate that Plaintiffs, at jury trial, will attempt to reference and/or proffer into evidence the following:

A.    the existence of and findings in Internal Affairs report number 2006-09;

B.    the existence of and findings in Internal Affairs report number 2001-03;

C.    Chris Taylor's, Mark Laramore's and Jason Jeter's Panama City Police Department Personnel Files, including but not limited to previous discipline and Internal Affairs history;

2

D.      character evidence concerning Chris Taylor, Mark Laramore and

        Jason Jeter;

E.      evidence of Insurance;

F.      the disposition of the criminal charges against Plaintiff, Robert

        King, concerning his arrest on October 26, 2006;

G.      the existence of and reports concerning Mark Laramore's taser

        usage both prior to and after the date of October 26, 2006;

H.      Other than Plaintiff, Robert King, any evidence concerning the

        sensation(s) experienced by any other witness(es) during the

        administration of a tasing to them;

For the reasons set forth below all of the evidence referenced herein should be excluded at jury trial.

**A.      The Internal Affairs Report Generated by Plaintiff's Complaint from the Incident on May 26, 2006, i.e. # 2006-09, is Inadmissible.**

The Defendants seek to exclude from this trial any reference to the existence of an Internal Affairs investigation, the investigation's findings and the resulting disciplinary action to Mark Laramore or Chris Taylor.  There are several grounds which warrant exclusion.  First, the mere mention of an Internal Affairs investigation connected to this incident is substantially prejudicial and may mislead the jury.  Second, the Internal Affairs report, and its conclusion specifically, has little probative value which is substantially outweighed by its

prejudicial effect and may also mislead or confuse the jury on determining liability by the City or the individually named officers on Plaintiffs' claims. Third, the investigation and resulting disciplinary action applied to Mark Laramore or Chris Taylor constitute subsequent remedial measures. Finally, the report will present cumulative testimony, much of which contains hearsay not subject to any exception to the hearsay rule.

1.    **Florida Rule of Evidence 403 bars any evidence of the Internal Affairs report because its prejudicial and confusing.**

Florida Rule of Evidence 403 states, in pertinent part:

Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.

Fla. Stat. §90.403.

As a whole, the Internal Affairs investigation at issue falls squarely within the ambit of Rule 403. Although Plaintiffs may argue that the report constitutes an admission[1], a trial court may exclude evidence under Rule 403 even though it is admissible under another particular rule of evidence. **State v. Page**, 449 S.2d 813 (Fla. 1984).

In the present case, the mere existence of an Internal Affairs investigation

---

[1]Admittedly, under **Lee v. Department of Health and Rehabilitative Services**, 698 So.2d 1194 (Fla. 1997), a portion of witness statements of Mark Laramore or Chris Taylor or Jason Jeter may constitute an admission under Rule 803(18)(d), Florida Rules of Evidence. However, that argument only renders a portion of the report outside the hearsay rule. Simply because evidence is not hearsay does not *ipso facto* render it relevant or admissible.

has a prejudicial effect against the City which substantially outweighs its

probative value, and may mislead the jury that Mark Laramore or Chris Taylor

engaged in wrongdoing.  Moreover, the report recites testimony which is

cumulative to witnesses listed for trial, and makes a finding based on Panama

City Police Department General Orders, and not Florida civil jurisprudence,

which is also substantially prejudicial to the City and the individually named

officers, and which has a considerable likelihood of confusing or misleading the

jury.

    **Maddox v. City of Los Angeles**, 792 F.2d 1408 (9th Cir. 1986), is

analogous.  In **Maddox**, plaintiff alleged civil rights violations for the death of a

pretrial detainee.  Following the pretrial detainee's death, in an Internal Affairs

investigation, one of the officers admitted to violating the City's policy on the use

of a choke hold.  The trial court excluded evidence of the Internal Affairs

investigation and the officer's admission under Rule 403, Fed.R.Evid. In affirming

the trial court, the Ninth Circuit held:

> The prejudicial effect of this evidence was ...arguably great.  The jury
> might have inferred that Officer Harris was guilty of wrongdoing merely
> because the police department conducted disciplinary proceedings.
> The jury might have given unfair or undue weight to this evidence or
> they might have been confused as to the relevance of this evidence.

Id At 1417.

    As in **Maddox**, in the present case, the mere mention of the existence of

an Internal Affairs investigation related to the incident which is the subject of this

suit carries with it substantial prejudice and a likelihood that the jury will be mislead or confused as to the relevance of the evidence.  Unlike the situation in a criminal case, where a defendant may use the existence of such an investigation to show bias, **Shaw v. State**, 831 So.2d 772, 774 (Fla. 4th DCA 2002) (applying Sixth Amendment's Confrontation Clause) (citing **Chadwick v. State**, 680 So.2d 567, 568 (Fla. 1st DCA 1996), Plaintiff cannot show any relevance for the existence of the Internal Affairs investigation at issue.

Independently, the contents of the Internal Affairs Report contains summaries of witnesses, which will be cumulative of the live testimony at trial, and a conclusion based on Panama City Police Department internal regulations. Again, this evidence is highly prejudicial and likely to confuse and mislead the jury.

In **Vance v. Peters**, 97 F.3d 987 (7th Cir. 1996), cert. denied, 520 U.S. 1230 (1997), an inmate alleging excessive force appealed a trial court's refusal to admit a memorandum from a hearing officer who had concluded that the officer had used excessive force and recommended a suspension.  On appeal, the Seventh Circuit affirmed the trial court's ruling based upon Federal Rule of Evidence 403.  In so doing, the court considered that the jury was permitted to hear the evidence that had been considered by the hearing officer, and held, "The exclusion with respect to the ultimate issue without giving inordinate weight to that officer's conclusion." Id at 995.

As stated previously, the conclusion in Internal Affairs Report  was based on a violation of a Panama City Police Department General Order.  If the report or its conclusion was admitted at trial, a jury could be mislead or confused of its relevance to Plaintiffs' claims and the Defendants' liability.  Courts facing similar factual situations have excluded this type of evidence under Rule 403 for this very reason.  **Accord Vance**, 97 F.3d at 995 (hearing officer's conclusion of excessive force was based on standards set forth in prison's internal rules or policies, not on Eighth Amendment criteria); **Maddox**, 792 F.2d at 1416-17 (officer's violation of Police Commission's moratorium on use of choke hold); **Abney v. District of Columbia**, 580 A.2d 1036, 1041 (D.C. App. 1990).

Outside the context of law enforcement and Internal Affairs investigations, several courts have excluded evidence of administrative determinations that might prejudice, mislead, or confuse a jury because, in many of the cases, the conclusions reached in the administrative forum were the same that the jury would be asked to draw.  For example, in **Williams v. Nashville Network**, 132 F.3d 1123 (6th Cir. 1997), the Court affirmed a trial court's decision to exclude an EEOC letter of violation.  **Id** at 1128-29.  The court based its holding, in part, on the premise that a jury could attach undue weight to the agency's determination that a violation had occurred.  Likewise, in **Hall v. Western Production Co.**, 988 F.2d 1050 (10th Cir. 1993), the court affirmed the trial court's exclusion of an administrative report which found no discrimination.  The court found no abuse of

discretion in the trial court's determination that the report "would be to suggest to the jury that it should reach the same conclusion" as the administrative agency. **Id** at 1058.  *See also* **Walker v. NationsBank fo Florida, N.A.**, 53 F.3d 1548 (11th Cir. 1995) (excluding EEOC determination under Rule 403); **Lathem v. Department of children and Youth Services**, 172 F.3d 786, 791 (11th Cir. 1999) (same); **Spruill v. Winner Ford of Dover, Ltd.**, 175 F.3d 194, 198 (D. Del. 1997) ("Admission of administrative Conclusions were tantamount to saying that this has already been decided and here is the decision."); *and see* **Alimenta (USA), Inc. V. Stauffer**, 598 F.Supp. 934 941 (N.D. Ga. 1984) (Probative value of report in fraud conspiracy claim was substantially outweighed by prejudice that would result from the "lengthy official looking document.").

In the present case, as in **Maddox**, the Defendants will be unduly prejudiced by, and a jury might be confused or mislead by the mere mention of the existence of any Internal Affairs investigation.  More significantly, the introduction into this trial of the Internal Affairs report or its findings will substantially prejudice the Defendants, which will far outweigh any probative value to Plaintiff.  In addition, the report and its findings carried with it the substantial risk that the jury would give inordinate weight to the conclusion within it, and would, in essence, tell the jury what result to reach, or compel them to make a consistent finding.  For these reasons, any mention of the Internal Affairs investigation or its findings, including any reference to a violation of Panama City

Police Department policy or regulations, should be held inadmissible under Rule 403 of the Florida Rules of Evidence.

### 2.   The Internal Affairs investigation, its findings and resulting discipline constitute a subsequent remedial measure.

Florida Rule of Evidence 407 provides, in pertinent part:

> Evidence of measures taken after an injury or harm caused by an event, which measures if taken before the event would have made injury or harm less likely to occur, is not admissible to prove...culpable conduct in connection with the event."

Fla. Stat. §90.407

Section 90.407 is substantially similar to Federal Rule 407, and it is generally felt that the two rules should be interpreted similarly.  Charles Ehrhardt, Florida Evidence §407.1 (2001 edition).  The two rules are so similar that Florida courts have looked to Federal court interpretations of Rule 407 for guidance in applying Fla. Stat. §90.407.  *See* **Keller Industries v. Volk**, 657 S.2d 1200, 1203 (Fla. 4th DCA 1995).

The post-event Internal Affairs investigation and resulting disciplinary actions are subsequent remedial measures which should be excluded under Rule 407.  Again, **Maddox v. City of Los Angeles**, *supra*, is instructive.  In excluding the Internal Affairs investigation and disciplinary action from evidence in this case, the Ninth Circuit squarely held, "The Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident." **Id** at 1417.

**Specht v. Jensen**, 863 F.2d 700 (10th Cir. 1988), is also illustrative.  In

**Specht**, the trial court excluded from evidence a press release summarizing the

results of the City's investigation of its officers' actions in connection with an

alleged illegal search.  The press release also concluded that the officers

involved in the search exercised poor judgment and would be disciplined

appropriately.  In affirming the trial court's exclusion of the press release from

evidence, the Tench Circuit held, "The release...sets out remedial measures

taken by the City to prevent the recurrence of the poor judgment the investigation

revealed, and is therefore within the ambit of Rule 407."  **Id** at 701.

In his treatise, Professor Ehrhardt explains the reason for the exclusion of

subsequent remedial measures as follows:

> The policy behind this rule is to encourage repairs and that if the
> evidence would be admissible against the person making the repair,
> the person would be penalized for an attempt to prevent future injuries.
> In addition, an injury is not necessarily caused by a negligent act, and
> the fact of repair does not mean the person was negligent; the
> motivation may have been to exercise the highest care.

Charles Ehrhardt, **Florida Evidence** §407.1 (2001 Edition).

In applying the case law and above-stated policy considerations to this

case, there is little questions that the evidence of the Internal Affairs investigation

and the resulting disciplinary action to Mark Laramore or Chris Taylor should be

excluded.  To allow the jury to consider the results of the internal investigation

would also penalize the City for its attempts to assure that its officers complied

with its internal policies.  Such a result would encourage a defendant not to

thoroughly investigate alleged policy violations, and therefore fail to take appropriate disciplinary action when necessary.  This result would frustrate strong policy interests in having an effective police force which follows its guidelines.  For these reasons, the Internal Affairs report, its finding and resulting discipline should be ruled inadmissible.

### 3.   The Internal Affairs report contains hearsay to which no exception to the hearsay rule applies.

Assuming the court does not agree that the existence of the findings in the Internal Affairs report should be excluded under either Rules 403 or 407, many of the statements surrounding and within the Internal Affairs report are inadmissible hearsay.  **Lee v. Department of Health and Rehabilitative Services** 698 So.2d 1194 (Fla. 1997), is on point.  In **Lee**, while the Florida Supreme Court found that an internal investigation constituted an admission, and, therefore, not subject to exclusion under the hearsay rule, the Court also held that the statements by the victim and other patients repeated at trial were not admissible.  **Id** at 1200.

### B.   The Internal Affairs Report Number 2001-03 is Inadmissible.

The Defendants reiterate the arguments set forth in their argument concerning the exclusion of Internal Affairs Report Number 2006-09, in reference to their assertion that Internal Affairs Number 2001-03 should be excluded.  In addition to those arguments, the Defendants also assert that Internal Affairs Report Number 2001-03, involved an incident wherein Mark Laramore was under

investigation concerning his interaction with an individual other than the Plaintiff,

Robert King, and not involving the use of a taser.  The prejudicial effect of

introducing into evidence any reference to Internal Affairs Report Number 2001-

03 far outweighs any probative value and would only lead to confusion of the

jurors.

### C.   The Personnel File, Disciplinary History, and Previous Internal Affairs Investigations as Inadmissible.

The attempt by Plaintiffs to mention or introduce into evidence the

personnel file, disciplinary history, or Internal Affairs history of Officer Chris

Taylor, Officer Mark Laramore, and/or Officer Jason Jeter in this trial is improper.

"In civil actions, character evidence is inadmissible to prove that a person acted

in conformity with her or her character, i.e., to prove the person's conduce.  The

probative value of such evidence is outweighed by its prejudicial effect."  Charles

Ehrhardt, **Florida Evidence** §404.3 (2001 edition).  In fact, the attempt to use

the evidence the Defendants seek to exclude has been specifically addressed

and rejected in the context of a law enforcement officer.

**Dickinson v. Gonzalez**, 839 So.2d 709 (Fla. 3rd DCA 2003), is directly on

point.  In that case, the plaintiff, who had been arrested for driving under the

influence, sued the Department of Highway Safety and Motor Vehicles and the

Highway Patrol trooper for civil rights violations, negligence, and false arrest.

The Third District Court of Appeal reversed judgment on a jury verdict in favor of

the plaintiff and ordered a new trial, in part, on the basis that the evidence of the

trooper's disciplinary history and Internal Affairs history was an improper and impermissible attack on character in violation of Rule 404 of the Florida Evidence Code. **Id** at 714.

Federal civil rights cases involving law enforcement officers have similarly held that an officer's prior conduct constitutes impermissible character evidence. In **Morgan v. City of Marmaduke**, 958 F.2d 207, 209 (8th Cir. 1992), plaintiff attempted to offer into evidence a prior incident involving a police officer while he was employed by another department to demonstrate the officer's propensity for using his patrol car as a dangerous weapon against fleeing motorcyclists.  In **Hopson v. Fredericksen**, 961 F.2d 1374, 1379 (8th Cir. 1992), the plaintiff attempted to introduce prior incidents to illustrate the "proclivity of defendants to engage in the conduct alleged within the plaintiff's complaint."  In both cases, the courts excluded the evidence offered as violative of Rule 404's prohibition against evidence offered solely to show propensity.  Similarly, in **Gonzalez v. Renaudin**, 1994 WL 25528, *2 (E.D. La. 1994), evidence of an officer's unrelated police brutality lawsuit, suspension from the police force, reprimand for discourtesy, and reprimand for disobeying orders was excluded from evidence at trial because they were introduced to prove conformity with character as prohibited by Rule 404.

In the present case, there is simply no relevance to the personnel file, disciplinary history, or Internal Affairs history of any Panama City Police

13

Department officers, specifically including Officers Taylor, Laramore, and Jeter.

Under Rule 404, such evidence should be ruled inadmissible.

### D.    Character Evidence Concerning Chris Taylor, Mark Laramore and Jason Jeter is inadmissible.

Rule 404, Federal Rules of Evidence, generally provides that character

evidence is inadmissible to prove action in conformity therewith.

The only conceivable basis for Plaintiffs' offering such evidence at trial is

to impeach the credibility of Chris Taylor, Mark Laramore and Jason Jeter.  Rule

608(b), Federal Rules of Evidence states, in relevant part:

> "Specific instances of the conduct of a witness, for the purpose of
> attacking or supporting the witness' character for truthfulness, other
> than conviction of crime as provided in rule 609, may not be proved
> by extrinsic evidence. They may, however, in the discretion of the
> court, if probative of truthfulness or untruthfulness, be inquired into
> on cross-examination of the witness (1) concerning the witness'
> character for truthfulness or untruthfulness," ...

Extrinsic evidence of a witness' prior misconduct should be excluded

where that evidence is probative only of the witness' general propensity for

truthfulness.  However, if such evidence is introduced to disprove a specific fact

material it should be admitted.  **United States v. Calle**, 822 F.2d 1016, 1021

(11th Cir 1987).

### E.    Evidence of Insurance

Evidence of any insurance policy is inadmissible under Federal Rule of

Evidence 411.  Rule 411 states that evidence that a person was or was not

insured against liability is not admissible in regard to the issue of whether the person acted negligently or otherwise wrongfully.  In this case, evidence that the City of Panama City, Florida and Chris Taylor, Mark Laramore, and Jason Jeter are or may have been insured or self insured is not relevant to any issue in the case and should be excluded.  See generally **Larez v. Holcomb**, 16 F.3d 1513 (9th Cir. 1994)(noting that evidence of insurance or other indemnification is not admissible on the issue of damages and interjection of such information may be prejudicial error requiring reversal).

> **F.     The Disposition of the Criminal Case Against Plaintiff, Robert King, concerning his arrest on October 26, 2006, is inadmissible**

The Defendants anticipate that the Plaintiffs will attempt to proffer evidence before the jury regarding the disposition of Robert King's criminal charges, i.e. a finding of not guilty to the charge of "Resisting an Officer Without Violence" on March 23, 2007, in Case No.: 06-7492MMMA, in the County Court, in and for Bay County, Florida.  Such a proffer would be improper, and the evidence of the disposition of Plaintiff's criminal charges is inadmissible.

The admission of evidence pertaining to the dismissal of any charges by the Assistant State Attorney or a finding of not guilty rendered by a jury will violate the provisions of Rule 403, Federal Rules of Evidence, by misleading or confusing the jury.   As stated in **Rankin v. Evans**, 133 F.3d 1425, 1435 (11th Cir. 1998), although probable cause requires more than suspicion, it "does not

require convincing proof," and "need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." See also **Marx v. Gumbinner**, 906 F.2d 1503 (11th Cir. 1990); **Lee v. Ferraro**, 284 F.3d 1188, 1195 (1th Cir. 2002); **Epstein v. Toys-R-Us**, 277 F.Supp.2d 1266 (S.D.Fla. 2003).

If the dismissal of charges of the finding of innocence has no bearing on the existence of probable cause or arguable probable cause at the time of Robert King's arrest, these facts are not properly considered by the jury.

### G.   The Existence Of  Reports And Evidence Concerning Mark Laramore's Taser Usage Prior To And After October 26, 2006

It is anticipated that the Plaintiffs may attempt to introduce into evidence or make reference to Mark Laramore's usage of a taser on occasions prior to and/or subsequent to the date of Robert King's arrest on October 26, 2006.  The Defendants contend that such evidence is inadmissible on the basis that said evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissable under Rule 403 of the Florida Evidence Code.  Fla. Stat. §90.403.  Additionally, the evidence is likely to confuse and mislead the jury.

Rule 404, Federal Rules of Evidence, generally provides that character evidence is inadmissible

In addition, any use of force reports associated with Mark Laramore's use of force, i.e. use of a taser, on occasions prior to and/or subsequent to October

16

26, 2006 may contain hearsay, and hearsay within hearsay, barred by Rule 802 of the Florida Evidence Code.  Fla. Stat. §90.802.

> **H.    Other than Plaintiff, Robert King, any evidence concerning the sensation(s) experienced by any other witness(es) during the administration of a tasing to them.**

The Defendants anticipate that the Plaintiffs may attempt to introduce evidence concerning the sensation(s) experienced by other witness(es) during the administration of a tasing to them, e.g. to Chief Van Etten, Officers Chris Taylor, Mark Laramore, Jason Jeter and/or Dedee Johnson during training sessions.  The Defendants contends that such evidence is inadmissible on the basis that said evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissable under Rule 403 of the Florida Evidence Code.  Fla. Stat. §90.403.  Additionally, the evidence is likely to confuse and mislead the jury.

## III.    CONCLUSION

For the foregoing reasons, Defendants, Chris Taylor, Mark Laramore, Jason Jeter and the City of Panama City respectfully request this Honorable Court grant their Motion in Limine and exclude from this trial in its entirety any reference to the particular matters set forth in the motion.

Respectfully submitted this 25th day of July, 2009.

WARNER & WINTRODE, P.A.

By: /s/ Timothy M. Warner

TIMOTHY M. WARNER
Florida Bar No. 0642363
P.O. Box 1820 (32402)
519 Grace Avenue
Panama City, FL 32401
Telephone No.: (850) 784-7772
Telecopier No.: (850) 784-7756
timwarner@warnerlaw.us
Attorney for Defendants,
Chris Taylor, individually, Mark
Laramore, individually, and Jason
Jeter, Individually

COPPINS, MONROE, ADKINS,
DINCMAN, P.A.

By: /s/ Gwnedolyn P. Adkins

GWENDOLYN P. ADKINS
Florida Bar No. 0949566
P.O. Drawer 14447
Tallahassee, FL 32317
Telephone No.: (850) 422-2420
Telecopier No.: (850) 422-2730
Gadkins@cmadslaw.com
Attorney for City of Panama City

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished electronically this 25th day of July, 2009, to:

Patrick K. McCarthy, Esq.
Matthews & Hawkins, P.A.
4475 Legendary Drive
Destin, FL 32541
Attorneys for Plaintiffs

Harry L. Harper, Esq.
P. O. Drawer 790
Panama City, FL 32402

Nader Baydoun, Esq.
Suite 2650, Financial Center
424 Church Street
Nashville, TN 37219
Attorney for Plaintiffs

/s/ Timothy M. Warner
Timothy M. Warner, Esq.
Fla. Bar. No. 0642363

19