IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT KING and
CARLA KING,

    Plaintiffs,

vs.                                CASE NO.: 5:08-cv-00308/RS/MD

CITY OF PANAMA CITY;
JOHN VAN ETTEN, as Chief of
Panama City Police Department;
DEDEE JOHNSON, individually;
CHRIS TAYLOR, individually;
MARK LARAMORE, individually;
JOSE RAPLEE, individually;
and JASON JETER, individually,
        Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

COME NOW, Plaintiffs, ROBERT KING and CARLA KING (collectively "Plaintiffs"), by and through their undersigned attorneys and file this Memorandum of Law in Opposition to Defendants, City of Panama City, Florida, Chris Taylor, Mark Laramore, and Jason Jeter's Motion in Limine [Docs. 137 & 138].

**I.    INTRODUCTION**

Plaintiffs brought their Complaint against Defendants, Chris Taylor, individually, Mark Laramore, individually, and Jason Jeter, individually, for violations of 42 U.S.C. § 1983, Battery, Assault, False Imprisonment, Intentional Infliction of Emotional Distress, Malicious Prosecution, and Loss of Consortium. Plaintiffs brought its cause of action against the City for respondeat superior on the abovementioned intentional torts. Defendants filed a Motion in Limine to exclude certain evidence from trial in this matter.

1

[Docs. 137 & 138]  In response, Plaintiffs file this Memorandum of Law in Opposition to Defendants' Motion in Limine.

## II.     ARGUMENT

Plaintiffs will respond to Defendants' Motion in Limine in the order laid out in Defendants' Memorandum in Support of their Motion In Limine.

### A.     The existence of and findings in Internal Affairs Report number 2006-09.

Plaintiffs' consent to excluding all evidence pertaining to the existence of Internal Affairs Report number 2006-09 and its outcome.  However, Plaintiffs' object to excluding Defendants' individual statements contained therein for the purposes of substantive evidence and impeachment.  These statements qualify as admissions by a party opponent under Federal Rule of Evidence 801(d)(2).  In further support of opposing the exclusion of said evidence, Plaintiffs reiterate the arguments set forth in Section II.B. below regarding Internal Affairs Report number 2001-03.

Further, Plaintiffs' object to excluding witness statements contained in Internal Affairs Report number 2006-09 for impeachment purposes.  At this pretrial stage, the Court is not in a position to rule on whether admissibility for impeachment is appropriate. Barkley v. Davis, 2008 U.S. Dist. LEXIS 57392 (S.D. Fla. 2008).  Therefore, witness statements contained within Internal Affairs Report number 2006-09 should not be excluded for impeachment purposes.

### B.     The existence of and findings in Internal Affairs Report number 2001-03.

Internal Affairs Report number 2001-03 contains information regarding a previous complaint filed against Sergeant Mark Laramore.  Defendants move to exclude

this on the following grounds: (1) it is substantially prejudicial and may mislead the jury, (2) the resulting disciplinary action constitutes subsequent remedial measures, and (3) it contains hearsay for which there is no exception[1].

> **1.    Internal Affairs Report number 2001-03 is not excluded by Federal Rule of Evidence 403.**

Under the Federal Rules of Evidence 402, all relevant evidence is admissible, and irrelevant evidence is inadmissible. "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" United States v. Tinoco, 304 F.3d 1088, 1120 (11th Cir. 2002) (quoting Fed. R. Evid. 401). Nevertheless, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

"Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." Tinoco, 304 F.3d at 1120 (internal quotation marks and alterations omitted). "The major function of Rule 403 is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Cross, 928 F.2d 1030, 1048 (11th Cir. 1991) (internal quotation marks omitted). The determination of whether the probative value of evidence is substantially outweighed by its prejudicial impact under

---

[1] At many points throughout Defendants' Motion In Limine and Supporting Memorandum of Law, Defendants cite to the Florida Rules of Evidence and Florida caselaw. However, because evidentiary rules are procedural in nature and because it has been previously stipulated in the Pre-Trial Stipulation, Plaintiffs will refer to the Federal Rules of Evidence and Federal caselaw in this Memorandum of Law.

3

Federal Rule of Evidence 403 "lies within the sound discretion of the district judge." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003). In determining whether to exclude evidence under Rule 403, district courts may consider the absence of evidentiary alternatives. Old Chief v. United States, 519 U.S. 172, 183 (1997).

Most evidence is inherently prejudicial; it is only when unfair prejudice *substantially* outweighs probative value that the rule permits exclusion. See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007). Here, Internal Affairs Report number 2001-03's probative value outweighs its prejudicial effect because it demonstrates Sergeant Laramore's intent to use excessive force on Mr. King. It is Plaintiffs' contention that Sergeant Laramore used force against Mr. King when he felt disrespected. In Report Number 2001-03, Sergeant Laramore admits that he used forced for this reason. Disrespect is not the standard upon which Sergeant Laramore is authorized to use when determining the use and amount of force to impose upon citizens. Therefore, Internal Affairs Report number 2001-03 and the resulting discipline should not be excluded as it is highly probative to Plaintiffs' theory in the instant case. See Carson v. Polley, 689 F.2d 562 (5th Cir. 1982) (holding, in excessive force case, police officer performance evaluations indicating officers had problems with their "temper" were admissible to show intent of officers to harm the plaintiff and for impeachment purposes); Barkley v. Davis, 2008 U.S. Dist. LEXIS 57392 (S.D. Fla. July 8, 2008) (denying police officer defendants' motion in limine under Rules 403 and 404 to exclude performance evaluations and discipline history from evidence following Carson).

Further, in Internal Affairs Report number 2001-03, Sergeant Laramore states that he had discretion in determining whether to arrest a person he believed committed a

4

crime. However, Sergeant Laramore has recently claimed that he had no discretion and had no choice but to arrest Mr. King. These conflicting statements are probative and should be admitted as substantive evidence as well as for impeachment purposes.

> **2.    The Internal Affairs report number 2001-03 is not excluded by Federal Rule of Evidence 407.**

Federal Rule of Evidence 407 prohibits the use of subsequent remedial measures to prove fault and attempts to avoid discouraging persons from taking steps to further safety. <u>Dusenbery v. United States</u>, 534 U.S. 161, 173 (2002). Federal Rule of Evidence 407 states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, *if taken previously*, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.
>
> …
>
> This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, *control*, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407 (emphasis added). The public policy surrounding this rule is that people should be encouraged to improve or repair, and not be deterred for fear that their acts would be construed into an admission. <u>Reichhold Chems. v. Textron</u>, 157 F.R.D. 522, 524 (N.D. Fla. 1994).

Internal Affairs Report number 2001-03 and its resulting discipline do not constitute subsequent remedial measures pursuant to the plain meaning of the Federal Rule of Evidence 407. Internal affairs investigations and disciplinary action take place *after* an event occurs. There is no possibility that the report and disciplinary procedure

5

could have been taken previous to the incident in the instant case to reduce harm. Moreover, Internal Affairs Report number 2001-03 was not conducted after Mr. King's incident. Therefore, Internal Affairs Report number 2001-03 is not subject to Federal Rule of Evidence 407.

Assuming *arguendo* that Internal Affairs Report number 2001-03 and its resulting disciplinary action constitute a subsequent remedial measure; the report is not being offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. Rather, the report is being offered to demonstrate the intent of Sergeant Laramore to use excessive force against Mr. King. Additionally, the report is also being offered as evidence of the City's control over the individual officers in furtherance of Plaintiffs' claim of vicarious liability against the City, which qualifies as an exception to Federal Rule of Evidence 407.

### 3. The Internal Affairs Report number 2001-03 is not excluded by Federal Rule of Evidence 802.

Federal Rule of Evidence 802 excludes hearsay as evidence unless otherwise authorized by rule or statute. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Rule 803(6) of the Federal Rules of Evidence provides that the following are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness.

6

Fed. R. Evid. 803(6). In <u>Dole v. Chandler</u>, 2009 U.S. Dist. LEXIS 35293 (S.D. Ill. Apr. 27, 2009), the Court found an Internal Affairs report to be an admissible business record under Federal Rule of Evidence 803(6) so long as the evidence is factual in basis, and is not an expression of opinion. <u>See</u> <u>also</u> <u>Wheeler v. Sims</u>, 951 F.2d 796 (7th Cir. 1992).

The internal affairs report is a memorandum, report, record, or data compilation made at or near the time by a person with knowledge, made and kept in the course of a regularly conducted business activity, and it was the regular practice of that business activity to make the memorandum, report, record or data compilation. Therefore, the report is admissible as an exception to hearsay.

Rule 805 of the Federal Rules of Evidence provides that "hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." <u>United States v. Pendas-Martinez</u>, 845 F.2d 938, 943 (11th Cir. 1988). Defendants' fail to point any specific portions of the reports containing hearsay within hearsay and, therefore; Plaintiffs are unable to identify the appropriate exception.

### C. Chris Taylor's, Mark Laramore's and Jason Jeter's Panama City Police Department Personnel Files, including but not limited to previous discipline and Internal Affairs history.

Chris Taylor's, Mark Laramore's, and Jason Jeter's Panama City Police Department Personnel Files are not excluded by Federal Rule of Evidence 404. Federal Rule of Evidence 404(a) bars the introduction of character evidence to show that a person acted in accord with his character on a particular occasion. <u>Reyes v. Missouri Pacific R.R. Co.</u>, 589 F.2d 791, 793 (5th Cir. 1979). Federal Rule of Evidence 404(b) -- which applies in both civil and criminal cases -- prohibits the introduction of evidence of

7

extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Huddleston v. United States, 485 U.S. 681, 686 (1988).

What Federal Rule of Evidence 404(b) calls for is essentially a two-step test. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978). In Carson v. Polley, 689 F.2d 562 (5th Cir. 1982), the Fifth Circuit reversed the trial court's refusal to allow plaintiff to introduce negative personnel reports against police officer defendants in a civil rights action. The Court held that the reports were permissible under Rule 404(b) as they tended to show "intent" in using excessive force, and also to impeach the officer who stated that he did not have problems controlling his temper. Id. The Court should allow evidence of unlawful intent through an extrinsic offense because if the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense. United States v. Beechum, 582 F.2d 898, 912 (5th Cir. 1978).

The negative performance reviews and disciplinary history are relevant to the issues of intent to support Plaintiff's contention that the individual officers intended to use excessive force against Mr. King in the instant case. This probative value is not substantially outweighed by the prejudice to Defendants as it is directly necessary to prove Plaintiffs' theory of the case. See Barkley v. Davis, 2008 U.S. Dist. LEXIS 57392 (S.D. Fla. July 8, 2008) (denying police officer defendants' motion in limine under Rule

8

403 and 404 to exclude performance evaluations and discipline history from evidence following Carson).

Further, the negative performance reviews may also be admissible as impeachment if they contradict later testimony on a material issue. Fed. R. Evid. 608(b); United States v. Opager, 589 F.2d 799, 802 (5th Cir. 1979). Therefore, Chris Taylor's, Mark Laramore's and Jason Jeter's Panama City Police Department Personnel Files should not be excluded as substantive evidence or for impeachment purposes.

> **D. Character evidence concerning Chris Taylor, Mark Laramore and Jason Jeter.**

Plaintiffs intend to fully comply with the Federal Rules of Evidence. Defendants have not pointed to any specific character evidence they move to exclude, other than the those identified in other sections, so Plaintiffs are unable to respond more specifically.

> **E. Evidence of insurance.**

As agreed in the Pre-Trial Stipulation, Plaintiffs do not intend to introduce evidence of insurance.

> **F. The disposition of the criminal charges against Plaintiff Robert King, concerning his arrest on October 26, 2006.**

The not guilty verdict of the criminal charges against Plaintiff Robert King, concerning his arrest on October 26, 2006, are vital to Plaintiffs' malicious prosecution claim against Defendants. An element for a claim of malicious prosecution is the favorable termination of criminal proceedings. Wallace v. Kato, 549 U.S. 384, 392 (2007); Burns v. GCC Bevs., 502 So. 2d 1217, 1218 (Fla. 1986). Therefore, the probative value of this evidence is *substantially* outweighed by unfair prejudice in that

9

Plaintiff could not otherwise bring this cause of action.  Moreover, Defendants have not demonstrated any prejudice that may result.

>   **G.    The existence of and reports concerning Mark Laramore's Taser usage both prior to and after the date of October 26, 2006.**

Plaintiffs do not intend to introduce evidence of the existence of and reports concerning Mark Laramore's Taser usage both prior to and after the date of October 26, 2006.

>   **H.    Other than Plaintiff Robert King, any evidence concerning sensation(s) experienced by any other witness(es) during the administration of a Taser on them.**

Defendants wish to exclude evidence of sensation(s) experienced by any other witness(es) during the administration of a Taser on them on the grounds that prejudicial effect substantially outweighs its probative value.  As abovementioned, "[r]ule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." Tinoco, 304 F.3d at 1120 (internal quotation marks and alterations omitted).

Testimony regarding sensations experienced during the administration of a Taser is probative in that it demonstrates the extent of injuries suffered by Mr. King.  An understanding of the extent of Mr. King's injuries is essential for the jury to calculate and value the amount of damages suffered by Mr. King.  Further, testimony regarding the sensations and effect of a Tasering is probative in that it evidences that Tasering can cause the muscles of the body to contract and tense up.  This evidence is directly related to Mr. King's assertion that he was not resisting the officers during the Tasering, rather; he was suffering from an involuntary reaction to the Taser.  Therefore, testimony

regarding sensations experienced during the administration of a Taser is highly probative and should not be excluded.

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' Motion In Limine as set forth herein.

### *** CERTIFICATE OF SERVICE ***

**I HEREBY CERTIFY** that a true copy of the foregoing has been sent, via electronic mail to: Gwendolyn P. Atkins, Esq., at gadkins@coppinsmonroe.com; Timothy M. Warner, Esq., at timwarner@warnerlaw.us; and Harry L. Harper, Esq., at harperlawoffices@aol.com.

**RESPECTFULLY SUBMITTED,** this 5th day of August, 2009.

**MATTHEWS & HAWKINS, P.A.**

/S/ Patrick K. McCarthy
_____
PATRICK K. MCCARTHY, ESQUIRE
Florida Bar No.: 052340
4475 Legendary Drive
Destin, FL 32541
Tel: (850) 837-3662
Fax (850) 654-1634
E-mail: pmccarthy@destinlaw.com

NADER BAYDOUN, ESQ.
Tennessee Bar No. 003077
Suite 2650, Financial Center
424 Church Street
Nashville, Tennessee 37219
Tel:  (615) 256-7788
Fax:  (615) 256-6611
nader@baydoun.com

*Attorneys for Plaintiffs Robert King and Carla King*

11